Opinion
ROBERSON, P. J.
Appellant challenges his conviction for soliciting on county property (L.A. County Code, § 13.16.010). He raises several constitutional claims.
I
On March 18, 1991, appellant went to the courthouse in Lancaster, Los Angeles County, California, and erected in the hallway a small portable table near the entrance to one of the courtrooms. On the table he placed several brochures and two petitions to collect signatures for two proposed ballot initiatives. At the time of appellant’s arrest, a can marked “donations” also had been set on the table.
*Supp. 4 Earlier in the day appellant had unsuccessfully attempted to secure permission from court officials to set up his table. The court’s chief administrator later learned of appellant’s presence and placed a call seeking legal advice. She then received a call from the clerk in the courtroom near appellant’s table who stated members of the public had complained appellant was approaching them. Accompanied by a deputy marshal, the administrator went to the location and found appellant standing in front of his table. After a brief exchange between the three, the deputy expelled appellant from the courthouse.
The People filed a single-count misdemeanor complaint charging appellant with soliciting on county property in violation of Los Angeles County Code section 13.16.010 (hereafter section 13.16.010). After a court trial, appellant was found guilty and sentenced to pay $250 or perform eight days of community service.
Appellant filed a timely notice of appeal.
II
Appellant contends the expulsion from the courthouse violated his state constitutional right to liberty of speech. (Cal. Const., art. I, § 2.) He also contends Los Angeles County Code chapter 13.16 (hereafter chapter 13.16), which contains the regulations for solicitation on county property, impermissibly restricts speech based upon its content in contravention of the First and Fourteenth Amendments to the United States Constitution and California Constitution article I, sections 2 and 7. His third contention is that section 13.16.010 is overbroad on its face and violates the First and Fourteenth Amendments.[1]
We conclude the county’s general ban on solicitation found in section 13.16.010 is overbroad. We also conclude that the provisions of chapter 13.16, when considered as a whole, are not narrowly tailored to protect the county’s interests, instead authorizing the county to determine which types of solicitation it will allow based upon the specific content of the solicitation.
California Constitution article I, section 2, subdivision (a), provides: “Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press.” The First Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides in pertinent part: “Congress shall make no law *Supp. 5 . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.”
The right to speak freely is more broadly construed under the state Constitution than under the First Amendment. (Robins v. Pruneyard Shopping Center (1979) 23 Cal.3d 899, 908 [153 Cal.Rptr. 854, 592 P.2d 341], affd. sub nom. Pruneyard Shopping Center v. Robins (1980) 447 U.S. 74 [64 L.Ed.2d 741, 100 S.Ct. 2035].) The duty of this court “is to help determine what ‘liberty of speech’ means in California. Federal principles are relevant but not conclusive so long as federal rights are protected.” (23 Cal.3d at p. 909.)
Governmental prohibitions against the dissemination of written material may be a violation of the disseminator’s’s right to free speech under the First Amendment (Van Nuys Pub. Co. v. City of Thousand Oaks (1971) 5 Cal.3d 817, 823 [97 Cal.Rptr. 777, 489 P.2d 809].) Regulations which prohibit solicitation of political contributions may also violate the First Amendment. (Hynes v. Mayor of Oradell (1976) 425 U.S. 610, 616 [48 L.Ed.2d 243, 250-251, 96 S.Ct. 1755].) For instance, if the regulation is a wholesale ban on all forms of solicitation, it inevitably reaches protected speech and related activity as well as nonprotected speech and activity. (People v. Fogelson (1978) 21 Cal.3d 158, 165-167 [145 Cal.Rptr. 542, 577 P.2d 677].)
Nevertheless, the right to speak freely and its related activity are not absolutely protected under the state or federal Constitutions. (People v. Fogelson, supra, 21 Cal.3d at p. 165.) “The state may, for example, reasonably regulate the time, place and manner of engaging in solicitation in public places. [Citations.] The state may also reasonably and narrowly regulate solicitations in order to prevent fraud [citation] or to prevent undue harassment of passersby or interference with the business operations being conducted on the property [citation].” (Id., at pp. 165-166.)
The government’s power to regulate speech and its related activity extends to a courthouse. A courthouse is a public place, which in general entitles a person to speak freely therein. On the other hand, a courthouse is operated for the limited purpose of conducting trials and other forms of judicial exercise. Society must strike a balance between a person’s right to speak freely and the right of a defendant to receive a fair trial free from the “influence or domination by either a hostile or friendly mob.” (Cox v. Louisiana (1965) 379 U.S. 559, 562 [13 L.Ed.2d 487, 491, 855 S.Ct. 476].)
Our Supreme Court has held that the “primary uses of [property owned by the government] can be amply protected by ordinances that prohibit activities that interfere with those uses.” (In re Hoffman (1967) 67 Cal.2d 845, 850 *Supp. 6 [64 Cal.Rptr. 97, 434 P.2d 353].) Stated another way, “the touchstone of regulation must be precision—narrowly drawn standards closely related to permissible state interests.” (People v. Fogelson, supra, 21 Cal.3d at p. 166.) First Amendment activities in a public building cannot be prohibited solely because the property involved is not maintained primarily as a forum for such activities. (Ibid.)
The United States Supreme Court has applied substantially the same test in the context of free speech and its related activity in a courthouse. “[The] State may adopt safeguards necessary and appropriate to assure that the administration of justice at all stages is free from outside control and influence.” (Cox v. Louisiana, supra, 379 U.S. at p.562 [13 L.Ed.2d at p. 491].) If the safeguard chosen is a statute which is narrowly drawn to vindicate the state’s interest in assuring justice under law, then the safeguard does not infringe upon the constitutionally protected rights of free speech and free assembly. (Id., at pp. 562-563 [13 L.Ed.2d at p. 491].)
Chapter 13.16 regulates solicitation on county property. The chapter contains a broad and general ban on solicitation, section 13.16.010. The chapter next contains three exceptions to the general ban, and finally a penalty provision for violating any portion of the chapter.
Section 13.16.010 provides in pertinent part: “It is unlawful for any person, firm, or corporation to solicit, in any manner or for any purpose, in any building or in or on any property or premises owned, leased, managed or controlled by the county of Los Angeles . . . .”
This coverage is clearly overbroad. It prohibits all forms of solicitation on county property. It does not attempt to exempt activity which is protected by the First Amendment, even though such an exemption could still achieve the county’s legitimate purposes in operating a courthouse. Because the coverage of the statute is overbroad, the language of section 13.16.010 is unconstitutional and therefore void. (People v. Fogelson, supra, 21 Cal.3d at pp. 164-167.)
We next address another constitutional infirmity, this one pertaining to the entire chapter "concerning solicitation on county property. “‘[A]ny procedure which allows licensing officials wide or unbounded discretion in granting or denying permits is constitutionally infirm because it permits them to base their determination on the content of the ideas sought to be expressed.’ [Citations.]” (People v. Fogelson, supra, 21 Cal.3d at p. 166.)
In Fogelson, this constitutional infirmity appeared in an ordinance of the City of Los Angeles, Municipal Code section 42.14.1, which is quite similar *Supp. 7 to the county ordinance in the instant case. The city ordinance prevented any person from seeking, begging, or soliciting custom, patronage, sales, alms or donations for himself or any person for any purpose in any building or on any premises under the control of the city without the written permission of the appropriate city department.
The Supreme Court observed that Los Angeles Municipal Code section 42.14.1 contained no standards to guide licensing officials in exercising their discretion in granting or denying applications to solicit. It held that the statute accorded city officials excessive discretion and thus was unconstitutional on its face. (People v. Fogelson, supra, 21 Cal.3d at p. 167.)
The instant ordinance is similarly unconstitutional because it is not narrowly drawn to achieve the county’s purpose of safeguarding its property or the activities conducted therein.[2]
Perhaps the most egregious portion of the ordinance is the provision which allows solicitation for “other causes deemed meritorious by the board of supervisors or [its delegatee].” (§ 13.16.030.) The ordinance contains no specific limitations or standards to safeguard against the unfettered discretion the county could exercise in determining which causes are “meritorious.” No less than the City of Los Angeles regulatory scheme prohibiting *Supp. 8 solicitation in People v. Fogelson, supra, 21 Cal.3d 158, or the numerous schemes in the cases collected therein (id., at pp. 166-167), the ban on solicitation in the instant case authorizes the county to exercise overly broad discretion in determining which solicitations it will allow.
The sweeping and unfettered power conferred by chapter 13.16 does not lend itself to construction by this court which would limit the power. We therefore hold the ban on solicitation on county property is overbroad on its face, declare the offending portions of chapter 13.16 unconstitutional, and leave the legislative task of constructing a constitutionally solid ordinance with the county. (People v. Fogelson, supra, 21 Cal.3d at p. 167.)
Ill
The judgment is reversed, and the case is remanded with directions to dismiss the complaint.
Johnson, J., and Krieger, J., concurred.

The People concede section 13.16.010 is unconstitutionally overbroad as applied to appellant.

Section 13.16.020, for example, provides an exception for persons soliciting for group insurance for county employees and others for whom the county auditor-controller is authorized to make payroll deductions.
Section 13.16.030 provides an exception for solicitation where the proceeds thereof are used “solely in furtherance of programs for the benefit of patients in the county hospital system, the handicapped, the blind, and other causes deemed meritorious by the board of supervisors or by any county officers or employees to whom the board of supervisors may delegate such authority; provided, however, that any such solicitations shall be permitted only at times, places and under conditions specified by the board of supervisors or by any county officers or employees to whom the board of supervisors may delegate such authority.” (Italics added.) The final exception contained in section 13.16.040 permits solicitation at animal control shelters where the proceeds are used solely to benefit the animals at the shelter.
None of these exceptions is a narrowly tailored regulation designed to prohibit interference with the exercise of judicial functions in a courthouse or to prohibit interference with the intended functions of any particular county building. For example, assuming the county could authorize a person to set up a table in the courthouse to solicit the court employees for group insurance, his or her activity could disrupt court proceedings without violating chapter 13.16.